**EFiled: Aug 31 2016 02:29PM EDT**
**Transaction ID 59496894**
**Case No. 12629-VCS**

**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: August 30, 2016
Date Decided: August 31, 2016

Edward Seglias, Esquire
Robert K. Beste, Jr., Esquire
Cohen, Seglias, Pallas,
  Greenhall & Furman, P.C.
1007 Orange Street, Suite 1130
Wilmington, DE 19801

Ann C. Cordo, Esquire
Jennifer R. Noel, Esquire
Department of Justice
820 North French Street, 6th Floor
Wilmington, DE 19801

Re:   *Kuhn Construction Company v. Department of Transportation*
      C.A. No. 12629-VCS

Dear Counsel:

On August 18, 2016, the Court issued a Letter Opinion in which it granted Kuhn Construction Company's application for a temporary restraining order.[1] The Court's Order restrained the Delaware Department of Transportation ("DelDOT") from awarding a public bid contract for a construction project ("the project") to any entity other than Kuhn pending discovery and preliminary injunction proceedings that will address: (1) whether Kuhn included a statutorily required

---

[1] *Kuhn v. Dep't of Transp.*, 2016 WL 444075 (Del. Ch. Aug. 18, 2016).

"bid bond" with its bid for the project; and (2) if so, whether DelDOT improperly rejected Kuhn's conforming bid (the lowest of the bids submitted). The Court declined to enter a mandatory injunction requiring DelDOT to rebid the project, however, because it determined that DelDOT's violation of 29 *Del. C.* § 6962(d)(8)(a) ("Section 6962") by reading Kuhn's bid before confirming whether it contained the necessary bid bond did not justify mandatory injunctive relief.

Even though it prevailed on its request for a temporary restraining order, Kuhn has now petitioned this Court to certify an expedited interlocutory appeal of that portion of the Court's decision denying Kuhn's request that DelDOT be directed to rebid the project. DelDOT opposes the petition.

Delaware Supreme Court Rule 42(b)(i) provides that "[n]o interlocutory appeal will be certified by the trial court or accepted by [the Delaware Supreme] Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment." Instances where the trial court certifies an interlocutory appeal "should be exceptional, not routine, because [interlocutory appeals] disrupt the normal procession of litigation, cause

delay, and can threaten to exhaust scarce party and judicial resources."[2] For this reason, "parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[3] When certifying an interlocutory appeal, "the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[4]

The Court has entered a temporary restraining order that preserves the status quo for a period sufficient to allow Kuhn to establish a factual record in support of its claim that it included a bid bond with its bid for the project. If Kuhn demonstrates a reasonable probability it will prove that fact at trial, the Court has already advised the parties that it will enter a preliminary injunction precluding DelDOT from awarding the contract for the project to anyone else pending trial. If

---

[2] Supr. Ct. R. 42(b)(ii).

[3] *Id.*

[4] Supr. Ct. R. 42(b)(iii).

Kuhn prevails at trial, then the Court will order that DelDOT award the contract for the project to Kuhn. All of this will occur in short order as the Court has granted Kuhn's request for expedited proceedings.

What Kuhn proposes now is a piecemeal approach to the litigation that will not advance the interests of justice but will increase costs and burdens.[5] If the Court enters a final judgment that Kuhn is not entitled to relief on its claim that DelDOT wrongfully rejected Kuhn's conforming low bid, then Kuhn will have an opportunity to present to the Supreme Court on direct appeal any appellate issues relating to that determination along with its argument that this Court erred by not entering a mandatory injunction requiring DelDOT to rebid the project as a remedy for DelDOT's violation of Section 6962 by reading Kuhn's bid before ascertaining whether it contained a bid bond.[6] Of course, if Kuhn prevails on its conforming

---

[5] *Krahmer v. Christie's Inc.*, 2006 WL 4782303, at *1 (Del. Ch. June 15, 2006) (denying certification upon noting that "[c]ertification would likely result in the piecemeal appeal of factually and legally related issues and would be contrary to the interest of justice and the orderly procession of matters before this court.").

[6] To address its claim of urgency, Kuhn can seek an injunction pending appeal if it can demonstrate that the balance of equities and other criteria justify that relief, Ct. of Ch. R. 62(c), and request expedited scheduling of its direct appeal if it can demonstrate "good cause." Supr. Ct. R. 25(e).

bid claim, then its statutory argument will be moot and the Supreme Court's consideration of that issue will have to await another day and another appeal (unless, of course, DelDOT takes an appeal in which case Kuhn may raise the issue on cross-appeal). What is not justified here, however, is for Kuhn to get an indefinite extension of the temporary restraining order while it appeals only a portion of the Court's order, particularly when it succeeded in having the Court preserve the status quo by preventing DelDOT from moving forward with the project so that it could attempt to prove that its bid included the bond required by Section 6962.[7]

Under these circumstances, I cannot certify that the likely benefits of interlocutory review outweigh the probable costs. Accordingly, the petition for certification of an interlocutory appeal is denied.

**IT IS SO ORDERED.**

Very truly yours,

*/s/* ***Joseph R. Slights III***

---

[7] Kuhn certainly is free to withdraw its claim that it submitted a conforming bid, in which case the Court will enter a final order denying its statutory claim from which a direct appeal may be taken.